**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-21-01028-019-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Zonnie Elton Collum, Jr., | |
| Defendant. | |

Defendant Zonnie Elton Collum, Jr. was convicted of conspiracy in violation of 18 U.S.C. § 371 for his part in a scheme to defraud the United States of taxpayer money under the Paycheck Protection Program and the Economic Injury Disaster Loan Program. Defendant pleaded guilty to the charge pursuant to a plea agreement with the United States.

On June 10, 2024, Defendant was sentenced to eight months in custody with credit for time served. The Court imposed restitution in the amount of $150,000 for losses incurred by the victim Small Business Administration. Payment of the $100 special assessment was ordered. The Court ordered payments of total criminal monetary penalties "due in equal monthly installments of $500.00 over a period of 34 months to commence 60 days after the release from imprisonment to a term of supervised release." (Doc. 633)

Defendant has satisfied his term of incarceration and is on supervised release.

He now moves to reduce the monthly restitution payment amounts for financial hardship. (Doc. 862) The United States opposes the motion. (Doc. 878) Defendant did not file a reply brief.

1    Under the Mandatory Victims Restitution Act of 1996, each victim of a federal
2    crime is entitled to a full award of restitution of their loss, regardless of the defendant's
3    economic condition. 18 U.S.C. § 3664(f)(1)(A) ("In each order of restitution, the court
4    shall order restitution to each victim in the full amount of each victim's losses as
5    determined by the court and without consideration of the economic circumstances of the
6    defendant.").

7    "The Court—on its own motion or the motion of any party—may amend a
8    restitution payment schedule if there is a material change in the defendant's economic
9    circumstances that might affect the defendant's ability to pay restitution." *United States v.*
10   *Perkins*, No. CR-14-00096-001-PHX-DGC, 2021 WL 212339, at *1 (D. Ariz. Jan. 21,
11   2021) (citing 18 U.S.C. § 3664(k)). "The burden of demonstrating the financial resources
12   of the defendant . . . [is] on the defendant." *Id*. (quoting 18 U.S.C. § 3664(e)) (internal
13   quotation marks omitted).

14   Defendant states that he cannot find employment and thus has difficulty making
15   restitution payments. The United States opposes the motion, arguing that Defendant has
16   not supplied necessary financial documentation to show a change in circumstances and
17   present a hardship. The United States also argues that Defendant has not been truthful to
18   his probation officer; that he "omitted several active financial accounts." (Doc. 878 at 2)

19   The Court finds that Defendant has failed to satisfy his burden because his motion
20   lacks supporting documentation.

21   **IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Restitution
22   Payment (Doc. 862) is **DENIED**.

23   Dated this 6th day of August, 2025.

24

25

26   Michael T. Liburdi
27   United States District Judge

28

- 2 -